METAL CRAFT CO. *v.* GRAND RAPIDS METALCRAFT CORPORATION.

1. Trade-Names and Trade-Marks—Celebrated Name—Unfair Competition—Injunction.

Where term "Metal Craft" had not become thoroughly established and valuable asset of plaintiff Metal Craft Co., a Detroit corporation, use of term "Metalcraft" by Grand Rapids Metalcraft Corporation may not be enjoined, especially where articles manufactured by plaintiff are not duplicated by defendant, it had not pirated upon plaintiff's trade, and "Metalcraft" is not coined word.

2. Same—Similarity of Names—Confusion—Equity.

Neither are these corporate names so similar as to justify equitable relief, although some confusion in miscarriage of mail was shown, where it was due to carelessness rather than to similarity of names (2 Comp. Laws 1929, § 9955).

3. Same—Injunction Not Warranted Where No Competition Exists.

Where there is no competition, fair or unfair, between Metal Craft Co., a Detroit corporation, and Grand Rapids Metalcraft Corporation, the former is not entitled to enjoin latter from using word "Metalcraft" in its corporate name on ground of unfair competition.

Appeal from Wayne; Keidan (Harry B.), J. Submitted October 8, 1931. (Docket No. 47, Calendar No. 35,921.) Decided December 8, 1931.

Bill by Metal Craft Company, a Michigan corporation, against Grand Rapids Metalcraft Corporation, a Michigan corporation, to enjoin the use of the term "Metalcraft" in its corporate name. Bill dismissed. Plaintiff appeals. Affirmed.

As to protection of business or trading corporation against use of same or similar name by another corporation, see annotation in 66 A. L. R. 948,

*Arthur W. Dickey,* for plaintiff.

*Bulkley, Ledyard, Dickinson & Wright (Harold R. Smith* and *John G. Garlinghouse,* of counsel), for defendant.

NORTH, J.  Two questions are presented for review:  (1) Has defendant assumed a corporate name which is so similar to plaintiff's corporate name as to result in confusion or deception in violation of the Michigan statute (2 Comp. Laws 1929, § 9955), and (2) Has defendant been guilty of unfair competition with plaintiff resulting from the use of the word "metalcraft" in its corporate name?  Plaintiff's bill of complaint was dismissed after full hearing in the circuit court, and it appeals.

The parties are Michigan corporations and their respective corporate names appear in the title hereto.  Plaintiff was incorporated under its present name in 1923.  Defendant was also incorporated in 1923, but under the corporate name of Doerr Manufacturing Company.  In November, 1925, defendant changed its name to Grand Rapids Metalcraft Corporation.  Plaintiff's office and place of business are at Detroit, Michigan.  Defendant's main office is located in Grand Rapids, Michigan, but it maintains a sales office in the General Motors Building in Detroit.  In 1929 plaintiff employed approximately 14 people, and its sales amounted to $84,000.  The defendant in its business employed substantially 160 people, and had an annual business approximating $1,000,000.  None of the various articles manufactured by plaintiff are duplicated by those made and sold by plaintiff.  But each manufactures and sells sundry metal articles which are largely used by the manufacturers of automobile bodies, although plaintiff's products are also used in the manufacture

of aeroplanes and refrigerators. Plaintiff makes washers, garnish mouldings, brackets, and small stampings. Defendant makes and markets various metal articles used in equipping automobile bodies, such as vanity cases, ash receivers, auto clocks, instrument boards, etc. Neither to any extent places upon its manufactured products the word or words "metal craft" and neither has pirated upon the other's trade or substituted its articles for those of the other. The trade of these parties is not with the general public but largely with the rather restricted class of manufacturers above noted.

From the foregoing facts it is noticeable that, unlike numerous cases cited in appellant's brief, the corporate name of neither of these parties was assumed after it had become a thoroughly established and valuable asset of the other user by reason of connection and identification with its business. Neither is the expression "metal craft" or the word "metalcraft" a coined expression or a coined word which originated with either of these parties. Instead the expression is one of common meaning and descriptive in character. The statute provides:

"No corporation shall assume any name already in use by any other existing corporation of this State, or corporation lawfully carrying on business in this State, or so nearly similar thereto as to lead to confusion or deception." 2 Comp. Laws 1929, § 9955.

Whether defendant's use of this corporate name has resulted in confusion or deception in the lines of trade in which these parties are engaged was a question of fact. Aside from complaining of erroneous calls on the telephone, plaintiff offered in evidence seven or eight exhibits indicating miscarriage of mail matters. An employee testified that plain-

tiff received at least two letters a week and had received several packages intended for defendant. However, it seems the mistake was obvious, and the employee returned these letters and parcels to the postman without opening them. Of these the circuit judge said:

"Examination of these exhibits discloses that they were delivered to plaintiff through the mistake on the part of either the sender or the postman. * * * It is difficult to perceive how any person exercising even slight care, who was desirous of telephoning plaintiff, Metal Craft Company, would look in the telephone directory for the name of defendant, Grand Rapids Metalcraft Corporation. Nor does it seem reasonable that mail addressed to the Grand Rapids Metalcraft Corporation would be delivered to plaintiff, the Metal Craft Company. These mistakes can be accounted for only 'by carelessness and lack of ordinary care and not to similarity of names.' *Detroit Savings Bank* v. *Highland Park Savings Bank of Detroit,* 201 Mich. 601."

The slight confusion indicated by the foregoing record is not at all persuasive that defendant's corporate name is so nearly similar to plaintiff's as to lead to confusion or deception within the prohibition of the statute. We are fully in accord with the quoted finding of the trial judge, and are of the opinion that the record does not disclose confusion or deception resulting from the similarity of these two corporate names of such a character as to justify granting equitable relief.

The remaining question is whether plaintiff is entitled to relief on the ground of unfair competition arising from the use of the word "metalcraft" in defendant's corporate name. From the facts disclosed by this record, as above noted, there is in reality no competition either fair or unfair between

these parties. Neither of them is making or vending an article duplicated by the other. Neither can nor does substitute any one of its articles for a similar article of the other.

"Each case of unfair competition is determined upon its own facts, and relief is based upon principles of common business integrity.

"Essential point of unfair competition is actual competition, shown from specific instances or as a natural tendency of defendant's act." (Syllabi) *Good Housekeeping Shop* v. *Smitter,* 254 Mich. 592.

The trial judge was right in his conclusion that plaintiff is not entitled to the relief sought, and the decree entered is affirmed, with costs to appellee.

BUTZEL, C. J., and WIEST, CLARK, McDONALD, POTTER, SHARPE, and FEAD, JJ., concurred.