## Transparent Ruler Company et al. *v.* C-Thru Ruler Company et al.

Maltbie, C. J., Avery, Jennings, Ells and Dickenson, Js.

Argued June 5—decided July 28, 1942.

*Francis P. Rohrmayer,* with whom, on the brief, were *Julius Apter* and *Milton Nahum,* for the appellants (defendants).

*Isaac J. Kunik,* for the appellees (plaintiffs).

ELLS, J.  The trial court's finding, with such requested changes as we have made, is as follows: The plaintiff Aronson is a printer and an inventor.  He secured a patent for a device for use as a printers' guide setter and registering aid, and began the business of selling transparent rulers conforming to the description of the patent.  He sold to William Zachs a one-half interest in the patent and in other patents, improvements or extensions pertaining to the transparent ruler idea covered by such patent which might be invented or acquired by Aronson during the next twenty-five years; they then formed the plaintiff corporation to exploit the patent and any improvements thereon, and granted it an exclusive license to the use of the patent and the device therein described.  Each owned a one-half interest in the corporation.  The defendant Jennie Zachs, a sister of William Zachs, became an employee in 1933, and in 1934 entered into a written agreement whereby she agreed to devote her full time and attention to the business, and the corporation promised to pay her a weekly salary and 10 per cent of the net profits.  She had almost complete charge of the business affairs of the corporation and occupied a position of trust and confidence with it and with Aronson.  The rulers were manufactured for the corporation by the Sillcocks-Miller Company of New Jersey.  Aronson received and stored them and shipped them to customers.  His further duties were to think up new ideas for the benefit of the corporation, and to try to get new patents.  The corporation

received and adopted various suggestions made by customers, and as a result of them made and sold rulers with a perforation so placed and designed that the operation of plotting graphs could be done without the use of graph paper. Aronson and the Zachses discussed plans to obtain a patent upon the perforation before the original patent should expire. Jennie Zachs did not assert ownership of the idea, but without the knowledge of Aronson, about three years after the corporation began using the perforation, she secured a patent in her own name, and used funds of the corporation to pay a patent attorney, also without Aronson's knowledge. When the latter discovered these facts, trouble ensued. Zachs sold his interest to Aronson, and a written agreement was entered into between Aronson, the corporation and Jennie whereby her employment was terminated and mutual releases given, except claims the corporation and Aronson "may have against said Jennie R. Zachs, and they do hereby specifically reserve . . . all rights they or any of them may have against Jennie R. Zachs . . . for title in . . . and to their ownership of a patent standing in the name of Jennie R. Zachs," describing the patent in question. She has since been making and selling transparent rulers under the patent, and this action was brought to restrain her and compel her to assign the patent, and for an accounting.

The vital findings of the trial court are that Aronson and the corporation had complete confidence and trust in Jennie Zachs; that the idea for the patent was developed in the course of the business of the plaintiff corporation and was wrongfully, surreptitiously and unlawfully appropriated by her from information which was the property of the plaintiffs. These findings are reasonably supported by the evidence and must stand. The court concluded that she committed

a breach of trust by obtaining a patent in her own name. This is a reasonable and almost a necessary conclusion.

The rule seems to be settled that if an employee takes out a patent on an invention he has made, the employer cannot claim it, in the absence of a contract provision, unless the work the employee did was within the line of his duties or perhaps on the time and at the expense of the employer, or unless he occupies some peculiar relationship of trust and confidence to the employer. See notes, 16 A. L. R. 1177, 32 A. L. R. 1039, 44 A. L. R. 595, 85 A. L. R. 1512. The court found that Jennie Zachs "did not invent" the patent. Assuming that she did, it is the ownership of the patent which is here involved, not who invented it. In *Dowse* v. *Federal Rubber Co.*, 254 Fed. 308, 310, the test is stated to be whether the employee "occupied such a relation to the corporation that he was its alter ego, in such a capacity that it is only consistent with good faith that he should recognize its ownership of the patent issued to him. Can he, without breach of his obligation toward his late employer, insist on retaining and enforcing against it the patent he took out?" See, for a further and somewhat applicable statement of the underlying reason, *National Wire Bound Box Co.* v. *Healy,* 189 Fed. 49, 54, 110 C. C. A. 613. If the plaintiffs are to prevail they must bring their case within this situation.

Jennie Zachs was the trusted employee of the plaintiff corporation; she had removed its business affairs from its office to the upholstery establishment of her brother, William Zachs, thus taking them from the daily surveillance of Aronson, who had complete faith and confidence in her; she had almost the sole responsibility for the administration of its affairs, and had intimate familiarity with its products and their

uses; through her hands passed all its correspondence; it was undoubtedly out of the knowledge so acquired that the idea which resulted in the patent originated; procuring such a patent had been discussed by her, Aronson and Zachs with a view to prolonging protection of the business after the original patent had expired, which would be in 1939; but before that was done she took out the patent in her own name. While the question is not free from all doubt, we conclude that the essential findings of the trial court bring the case within the exception we have stated. The defendants point to certain minor facts as casting doubt upon the court's conclusions, but we cannot say that they are of controlling importance, or that the conclusions are not supported by the other subordinate facts found.

Neither the validity nor infringement of Aronson's patent was in issue. The question as to whether the "claim" or the "description" contained in the application was of vital importance has little place in the case, for the scope and limit of his patent was not an issue in the trial.

The defendants contend that the court erred in ordering an assignment of the patent to anyone, since one of the conclusions reached was that the defendant Jennie Zachs did not make the invention. The defendant Jennie Zachs is clothed with the indicia of title to a patent issued by the United States patent office; the patent is valid on its face; Jennie Zachs is not its rightful owner. The court has power to compel her to assign it to its real owners, found by it to be the plaintiffs. The judgment directed her to execute and deliver a good and sufficient bill of sale of the patent to Aronson. The defendants claim there can be no relationship between Jennie Zachs and Aronson such as might give rise to a question of breach

of trust; that there is no privity between these parties. Even if this be so, Jennie Zachs was under an obligation to assign her patent to the party entitled thereto, and if the decree should have been that the assignment be made to the corporation rather than to Aronson she is not in a position to complain. It would be for the corporation to raise the issue, which it has not done. There is no error.

In this opinion the other judges concurred.