YALE UNIVERSITY *v.* EDWARD B. BENNESON ET AL.

BALDWIN, C. J., KING, MURPHY, MELLITZ and SHEA, JS.

Argued February 3—decided March 15, 1960

*Frederick H. Wiggin* and *Robert F. Cavanagh*,
for the appellant (plaintiff).

*William L. Hadden,* with whom was *William L. Hadden, Jr.,* for the appellees (defendants).

MURPHY, J. The plaintiff has appealed from a judgment of the Superior Court denying it an injunction to restrain the defendants from using the name "Yale" in the operation of the Yale Motor Inn near the Wilbur Cross parkway in the Yalesville section of the town of Wallingford. The plaintiff assigns error in one finding of fact, seven of the twelve conclusions of law, the overruling of its twenty claims of law, and the rendering of judgment for the defendants. In its brief, the plaintiff makes specific reference only to three of the assignments of error, relating to the conclusions reached. The others are treated as abandoned. *State* v. *Ferraiuolo,* 145 Conn. 458, 459, 144 A.2d 41. As a result, none of the subordinate facts are attacked. The conclusions which the court has reached are to be tested by the facts as found and must stand unless they are legally or logically inconsistent with those facts or unless they involve the application of some erroneous rule of law material to the case. *Monick* v. *Greenwich,* 144 Conn. 608, 611, 136 A.2d 501.

The leading case in this state on unfair competition in the use of names is *Middletown Trust Co.* v. *Middletown National Bank,* 110 Conn. 13, 147 A. 22. In it (p. 20), we held that whether or not the defendants' conduct constituted unfair competition was a question of fact for the trier. We said: "No inflexible rule can be laid down as to what use of names will constitute unfair competition; this is a question of fact. The question to be determined is whether or not, as a matter of fact, the name is such as to cause confusion in the public mind as between the plaintiff's business and that of the defendant,

resulting in injury to the plaintiff. The test is whether. the public is likely to be deceived. . . . 'Whether the court will interfere in a particular case must depend upon circumstances; the identity or similarity of the names; the identity of the business of the respective corporations; . . . the extent of the confusion which may be created or apprehended, and other circumstances which might justly influence the judgment of the judge in granting or withholding the remedy.' *Chas. S. Higgins Co.* v. *Higgins Soap Co.,* 144 N.Y. 462, 469, 39 N.E. 490, 27 L.R.A. 42. . . . If the court finds that the effect of appropriation by one corporation of a distinctive portion of the name of another is to cause confusion and uncertainty in the latter's business, injure [it] pecuniarily and otherwise, and deceive and mislead the public, relief will be afforded. . . . It is not sufficient that some person may *possibly* be misled but the similarity must be such that any person, with such reasonable care and observation as the public generally are capable of using and may be expected to exercise, would be likely to mistake one for the other."

This principle has been reiterated in *Yale & Towne Mfg. Co.* v. *Rose,* 120 Conn. 373, 382, 181 A. 8; *Yale Co-operative Corporation* v. *Rogin,* 133 Conn. 563, 571, 53 A.2d 383, and *Transparent Ruler Co.* v. *C-Thru Ruler Co.,* 135 Conn. 181, 185, 62 A.2d 668. It has been followed by Judge Frank on a petition for a rehearing in *Eastern Wine Corporation* v. *Winslow-Warren, Ltd.,* 137 F.2d 955, 960, cert. denied, 320 U.S. 758, 64 S. Ct. 65, 88 L. Ed. 452; by Chief Judge Clark in *Federal Glass Co.* v. *Loshin,* 224 F.2d 100, 101; and in *Vermont Motor Co.* v. *Monk,* 116 Vt. 309, 312, 75 A.2d 671. Whether a corporate name is so similar as to be likely to

deceive or produce confusion is a question of fact. *Metal Craft Co.* v. *Grand Rapids Metalcraft Corporation,* 255 Mich. 638, 640, 239 N.W. 363. The confusion of which a court takes cognizance must be something more than the result of carelessness or ignorance upon the part of the uninformed. *Central Mutual Auto Ins. Co.* v. *Central Mutual Ins. Co.,* 275 Mich. 554, 560, 267 N.W. 733.

Upon the subordinate facts found by the trial court, its conclusion that the evidence failed to show that the use of the name "Yale" in "Yale Motor Inn, Inc." would be likely to deceive the public or cause confusion in the public mind cannot be disturbed.

There is no error.

In this opinion the other judges concurred.