BATTER LUMBER COMPANY, INC. *v.* PETER M. D'ERAMO
ET AL.

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE NO. CV 5-6301-2486

Argued March 16—decided June 26, 1964

*Joseph Glass,* of New Haven, for the appellant (plaintiff).

*Dominic A. DePonte,* of East Haven, for the appellees (defendants).

DEARINGTON, J. This is an action to foreclose a mechanic's lien. The defendants deny the allegations and by way of special defense allege invalidity of the lien and further that payment had been made.

In its assignment of errors, the plaintiff seeks correction of the finding and further assigns error in the conclusions reached by the court. One of the additions to the finding sought by the plaintiff relates to a claim that the defendants prepaid the contractor on June 5, 1962. The contract provided for construction payments in stages, the second of such payments to become due "when the house has been framed and shingled and the roof is on." The plaintiff claims that this work had not been completed when the second payment was made. The court, in its memorandum of decision, referred to by the plaintiff, described this payment as being prematurely made, without notice as required by statute. The finding, however, makes no reference to such prepayment, obviously because the trier did not consider it to be a factor since it was found that the certificate of lien had not been recorded within the period required by statute. General Statutes § 49-34. Even if the prepayment had been made other than in good faith (§ 49-36), the subcontractor was not relieved from filing a certificate of lien within the period required by § 49-34; otherwise there would be no limit of time within which such a lien could be filed. Since the court found on conflicting evidence that the certificate of lien had not been filed within the statutory period, it was unnecessary to consider the question of prepayment. The remaining corrections sought by the plaintiff relate to facts which were neither admitted nor undisputed. It is one of the more important functions of a trier to determine the relative credit to be given oral evidence. Maltbie, Conn. App. Proc. § 158 and cases cited. To add facts upon which the evidence was in conflict would in effect result in a retrial, and we cannot retry the case. *African Methodist Episcopal Church* v. *Jenkins,* 139 Conn. 418, 423. The finding is not subject to correction.

The facts found may be summarized as follows: On March 22, 1962, the defendants, husband and wife, entered into a contract with Pasquale DelVecchio, hereinafter referred to as the contractor, for the construction of a dwelling house on property owned by the defendants. Certain materials were purchased by the contractor from the plaintiff. In the early part of May, 1962, the defendants, at the request of the plaintiff, met with the plaintiff and the contractor at the plaintiff's office. The defendants were informed that the plaintiff was going to furnish materials and supplies to the contractor to be used in the construction of the house. The plaintiff was concerned with the contractor's credit, although its apprehension was not disclosed to the defendants. The plaintiff requested the defendants to sign a "guarantee of payment" contract. The defendants, after talking with their lawyer by telephone, refused to sign such a contract. At no time were the defendants billed by the plaintiff and at no time did they make any payment directly to the plaintiff. Any payments made to the plaintiff were made by the contractor. On or about June 5, 1962, the contractor abandoned his contract with the defendants without their fault and thereafter did not appear on the site of the job. At the time of abandonment, no money was due the contractor on the contract although the construction had not been substantially completed. No materials or supplies were delivered by the plaintiff after June 14, 1962. A certificate of lien was recorded September 7, 1962, which was more than sixty days after the plaintiff had ceased to furnish materials.

The court concluded that there had been an abandonment of the contract; that nothing was then due the contractor; that no agreement with the plaintiff existed by which the defendants would be responsible for bills incurred by the contractor; and that

the lien was not recorded within sixty days after the plaintiff ceased to deliver materials. Judgment was entered for the defendants.

"The conclusions which the court has reached are to be tested by the facts as found and must stand unless they are legally or logically inconsistent with those facts or unless they involve the application of some erroneous rule of law material to the case." *Yale University* v. *Benneson,* 147 Conn. 254, 255. The plaintiff's basic contention is that the court erred in concluding that the right of lien ceased to exist upon abandonment of performance by the contractor. Under our mechanic's lien statutes, §§ 49-33 to 49-41, the plaintiff was subrogated to the rights of the person through whom it claims, that is, the contractor. If at the time of abandonment nothing was due the contractor, the contractor was entitled to no lien. In that event the subcontractor, that is, the plaintiff, was entitled to no lien unless it could show both an unlawful prepayment and that it had filed its certificate of lien within the statutory period. Since the latter requirement was not found to have been met, the conclusions of the trial court cannot be disturbed.

There is no error.

In this opinion PRUYN and JACOBS, Js., concurred.