[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION FOR SUMMARYJUDGMENT (#128)
The plaintiff, Dworkin Construction Corporation, commenced this action on November 7, 1995. On May 14, 1996, it filed a twelve-count amended complaint against Shremshock-Yoder Architects, Gerald Shremshock and Gerald Shremshock D/B/A Shremshock-Yoder (the defendants). The complaint alleges innocent and negligent misrepresentation, negligent interference and violations of the Connecticut Unfair Trade Practices Act (CUTPA). The defendants' motion to strike counts four, eight and twelve (negligent interference) was granted on August 2, 1996. The remaining counts allege the following facts.
The plaintiff was awarded a bid to remodel a restaurant for Wendy's. The plaintiff based its bid on a bid package it received from Wendy's. The bid package included an architectural plan provided to Wendy's by the defendants. After submitting the bid, the plaintiff realized that the plan did not adequately represent the amount of work necessary. As a result, the plaintiff did not earn as large a profit on the project as it had anticipated.
The defendants filed a motion for summary judgment on April 17, 1997 along with a memorandum in support of its motion. The defendants filed the following supporting documents: certified affidavits of Gerald Shremshock, Roy Yoder and H. James Davidson; excerpts from an uncertified deposition of Lawrence Dworkin; daily field reports of the plaintiff's employee; and case law. The plaintiff filed an objection to the motion on May 15, 1997. It filed a memorandum in support as well as an affidavit of Lawrence Dworkin, president of Dworkin Construction; excerpts of Lawrence Dworkin's deposition; and Lawrence Dworkin's expert report on the drawings of the defendants.
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Home Ins. Co. v. Aetna Life CasualtyCo., 235 Conn. 185, 202, 633 A.2d 1001 (1995). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving CT Page 7159 party. . . . Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact. . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. . . ." (Internal quotation marks omitted.) Id., 202. "The existence of the genuine issue of material fact must be demonstrated by counteraffidavits and concrete evidence." 2830Whitney Avenue Corp. v. Heritage Canal Development Associates,Inc., 33 Conn. App. 563, 567, 636 A.2d 1377 (1994).[1]
The defendants move for summary judgment on the grounds that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law. With regard to negligent and innocent misrepresentation (counts 1-2, 5-6, 9-10, the particular grounds are: (1) the defendants owed no duty to the plaintiff; (2) the actions of the defendants were not the proximate cause of the plaintiff's alleged injuries; (3) the defendants made no representations to the plaintiff; and (4) the plaintiff did not reasonably rely on the defendants' actions to its detriment. With regard to the CUTPA claims (counts 3, 7, 11), the particular grounds are: (1) there is no basis for a CUTPA action without the misrepresentation claims; (2) even if misrepresentations were made, they were not sufficient to reach the level of unfair trade practices; and (3) the plaintiff was contributorily negligent, barring recovery under CUTPA.
The plaintiff argues that the defendants owed a duty to third parties who might foreseeably rely on the defendants' representations; that its reliance on the defendants' plans was reasonable; and that the plans did cause the plaintiff's injuries. The plaintiff also argues that fairness under CUTPA is a question of fact.
Misrepresentation Claims
The Connecticut Supreme Court "has long recognized liability for negligent misrepresentation. [It has] held that even an innocent misrepresentation of fact may be actionable if the declarant has the means of knowing, ought to know, or has the duty of knowing the truth. . . . The governing principles are set forth in similar terms in § 552 of the Restatement Second of Torts (1979): One who, in the course of his business, profession or employment. . . supplies false information for the guidance of others in their business transactions, is subject to liability CT Page 7160 for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information." (Citations omitted; internal quotation marks omitted.)D'Ulisse-Cupo v. Board of Directors, 202 Conn. 206, 217-18, 520 A.2d 217
(1987). In order to be liable for its innocent or negligent misrepresentations, a party must owe a duty of care.
Duty.
The defendants argue that they owed no duty of care to the plaintiff and thus cannot be liable for misrepresentation. The defendants provided the plan to Wendy's for the purpose of obtaining zoning approval to remodel the restaurant. The defendants were in no way involved in the bidding process. The plaintiff admits that the only contact it had with the defendants was a phone call to "some young fellow" at Shremshock-Yoder to ask an unrelated question about electrical work. (Deposition of Dworkin, p. 30.) The defendants argue that it was not foreseeable that the plan it developed for zoning approval would be used for the bidding process. The defendants further argue that even if such use was foreseeable, some sort of relationship between the parties is necessary to give rise to a duty.
The plaintiff argues that no special relationship is necessary for a duty to exist. The plaintiff contends that a duty exists whenever there is foreseeable reliance by third parties. The plaintiff argues that the defendants should have anticipated that the drawings provided for zoning approval would also be used for the bid. Lawrence Dworkin goes further and attests that, in his expert opinion, "the unfair representation of work to be performed on plans and specifications by Shremshock-Yoder for Wendy's is part of a program to deceive unsuspecting contractors, resulting in favorable and money saving bids to Wendy's." (Affidavit of Dworkin, ¶ 14.).
The Connecticut Supreme Court discussed the duty of care to unknown third parties in Waters v. Autuori, 236 Conn. 820,676 A.2d 357 (1996). See also Williams Ford, Inc. v. Hartford CourantCo., 232 Conn. 559, 577-788, 657 A.2d 212 (1995) (no special relationship necessary to impose duty of care upon defendant newspaper where newspaper dealt directly with plaintiffs who were customers); Zapata v. Burns, 207 Conn. 496, 542 A.2d 700 (1988) (recognizing abolition of privity requirement in negligence cases; cause of action by third party recognized for contractors, architects and engineers); Minton v. Krish, 34 Conn. App. 361,642 A.2d 18 (1994) ("completed and accepted" rule rejected by CT Page 7161 Supreme Court; rule of foreseeability).
In Waters, the plaintiff had invested in a company, allegedly relying on reports purportedly prepared in accordance with standards promulgated by the defendant, the American Institute of Certified Public Accountants (AICPA). The court held that the plaintiff's allegations "fail to provide a nexus between the AICPA's promulgation of professional accounting standards, on the one hand, and the plaintiff and the disappointment of her commercial expectations, on the other hand, that is sufficient to impose a duty of care on the AICPA." Id., 836.
The court stated, "There can be no actionable negligence. . . unless there exists a cognizable duty of care. . . . Whether a duty of care exists is a question of law to be decided by the court." (Citations omitted.) Id., 826. The court determined that foreseeability alone is not sufficient. "Because foreseeability is a necessary component of duty, the absence of foreseeability forecloses the existence of a duty of care. . . . The converse is not, however, true: the conclusion that a particular injury to a particular plaintiff or class of plaintiffs possibly is foreseeable does not, in itself, create a duty of care." Id.,
827.
To determine whether the AICPA owed a duty to the plaintiff, the court also looked to public policy considerations. If such a duty of care were extended to a third party "who neither is specifically identifiable nor has any relationship with the AICPA aside from reliance on the professional opinion of a certified public accountant who allegedly relied on published AICPA standards," there would be a chilling effect on the promulgation of professional standards. Id., 835.
The defendants argue that Waters supports their position that they owed no duty to the plaintiff. Waters, however, is distinguishable. Unlike in Waters, there is no public policy reason to avoid imposing a duty of care on the defendants. Furthermore, the plaintiff here has alleged a tighter nexus between the parties than the plaintiff in Waters. Here, the plaintiff has alleged that the defendants knew or should have known that the plan would be used as a devise to calculate bids for the construction project and that the plaintiff would rely on the plan for its bid. The plaintiff has also alleged that it relied on the defendants' professional licenses. (Amended Complaint, Count 1, ¶ 9.) In addition, Lawrence Dworkin has CT Page 7162 attested that the plaintiff's reliance solely on the defendants' plan in the bid packages[2] is in accordance with industry standards. (Dworkin Affidavit, ¶ 7.) Here, the plaintiff has put forth facts which might provide a nexus between the defendants' allegedly inadequate plans and the plaintiff's alleged injuries sufficient to give rise to a duty of care.
Whether such a duty of care is warranted in these circumstances, however, is dependant on facts that are currently in dispute. For instance, Lawrence Dworkin's averment that the reliance on the defendants' bid was in accordance with industry standards is contested by the defendants. The affidavit of H. James Davidson, the employee of Wendy's in charge of the bidding process, indicates that the bid package contained references to a more complete architectural plan and a separate set of specifications. (Affidavit of Davidson, ¶ 11-13.) This raises questions as to the plaintiff's exclusive reliance on the defendants' plan. Because the existence of a duty of care is dependant on disputed questions of fact, the defendants cannot prevail on the ground that they owed no duty to the plaintiff. See Tackling v. Shinerman, 42 Conn. Sup. 517,630 A.2d 1381 (1993) (duty depends on resolution of issue of foreseeability; genuine issue as to foreseeability of reliance).
In the alternative, the defendants may owe a duty of care to the plaintiff under Coburn v. Lenox Homes. Inc., 186 Conn. 370,441 A.2d 620 (1982). In Coburn, the court stated, "A duty to use care may arise from a contract, from a statute, or from circumstances under which a reasonable person, knowing what he knew or should have known, would anticipate that harm of the general nature of that suffered was likely to result from his act or failure to act." Id., 375. Because the trial court reasonably found that the defendant should have known of defects in the septic system, the defendant owed a duty of care to a third party (a subsequent purchaser of the lot). Id., 374-78. Thus, under the reasoning of Coburn, the defendants would have a duty if a reasonable person would have expected that the plaintiff's alleged injury might result from its actions.
It should be noted, however, that the Connecticut Supreme Court seems to have clouded this avenue of imposing a duty inWaters. In Waters, the court specifically stated that foreseeability of harm alone is not sufficient; there must be some sort of "nexus" between the defendant's actions and the plaintiff's injury. Waters v. Autuori, supra, 236 Conn. 827, 836. CT Page 7163 Although the shape of this nexus is unclear, it appears that more than mere foreseeability of harm is necessary. As already noted whether such a nexus exists here is a question of fact. Accordingly, even if modified, Coburn may still be applicable in the context of this case.
Proximate Cause
The defendants argue that even if they owed a duty to the plaintiff, any breach of that duty was not the proximate cause of the plaintiff's alleged injury. "An essential element of any negligence action is the establishment of the defendant's conduct as a proximate cause of the plaintiff's injury." Wu v. Fairfield,204 Conn. 435, 438, 528 A.2d 364 (1987). "Proximate cause is ordinarily a question of fact." Coburn v. Lenox Homes. Inc.,
supra, 186 Conn. 384.
It is true, as the defendants argue, that proximate cause becomes an issue of law "when the mind of a fair and reasonable person could reach only one conclusion, and summary judgment may be granted based on a failure to establish causation." Abrahamsv. Young Rubican, Inc., 240 Conn. 300, 307, (1997). It is not clear, however, that the only conclusion to be drawn is that the defendants were not the proximate cause of the plaintiff's injury. Although the defendants argue that the plaintiff's own actions led to its injuries, these facts are in dispute. Thus, it is inappropriate to decide proximate cause as a question of law.
Representations
The defendants argue that they did not make any representations to the plaintiff and thus there can be no recovery for negligent or innocent misrepresentation. The plaintiff argues that the specifications on the plans were representations of the amount of work and materials necessary to complete the project. Again, this is a question of fact inappropriate for summary judgment. See McClintock v. Rivard,219 Conn. 417, 427, 593 A.2d 1375 (1991) ("Whether evidence supports a claim of fraudulent or negligent misrepresentation is a question of fact"); Miller v. Bourgoin, 28 Conn. App. 491, 497,613 A.2d 292 (1992) (allegations of misrepresentation present issue of fact; summary judgment inappropriate where motive, intent and subjective feelings at issue). CT Page 7164
Reliance
The defendants argue that they cannot be liable for misrepresentation because it was unreasonable for the plaintiff to rely on the plan of the defendants. The defendants contend that the plaintiff was aware of the more detailed, "standard" plan containing the full requirements of Wendy's before the contract was signed. The plaintiff, however, disputes this fact and further argues that his reliance was reasonableness under industry standards. (Affidavit of Dworkin, ¶ 7, 9.) The reasonableness of the plaintiff's reliance raises a genuine issue of fact precluding summary judgment.
CUTPA Claims
CUTPA provides: "No person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce. In determining whether certain acts constitute a violation of this act, we have adopted the criteria set out in the cigarette rule . . . (1) [W]hether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise — whether, in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers [(competitors or other businessmen)]." (Internal quotation marks omitted.) WilliamsFord, Inc. v. Hartford Courant Co., supra, 232 Conn. 591.
Misrepresentation
Because the plaintiff's allegations of misrepresentation stand, there is no merit to the defendants' argument that the CUTPA count is without basis.
Unfairness
The defendants argue that if misrepresentations were made, they are not sufficient to constitute unfair trade practices. "[W]hether or not the defendants' conduct constituted unfair competition [is] a question of fact for the trier." YaleUniversity v. Benneson, 147 Conn. 254, 255, 159 A.2d 169 (1960).
Contributory Negligence CT Page 7165
The defendants argue that the plaintiff cannot recover under CUTPA because it was contributorily negligent. See Williams Ford,Inc. v. Hartford Courant Co., supra, 232 Conn. 591 ("there is no CUTPA violation when the sole basis of the claim is the defendant's negligence and the jury determines that the plaintiff was contributorily negligent"); Schlesinger v. Prokopis, Superior Court, judicial district of New Haven, Docket No. 355034 (December 6, 1996, Hodgson, J.) (18 Conn. L. Rptr. 349) (third requirement for injury under CUTPA — that injury could not have been avoided — cannot be met where plaintiff is contributorily negligent). Contributory negligence, however, is ordinarily a question of fact; Trzcinski v. Richey, 190 Conn. 285, 295,460 A.2d 1269 (1983); and thus inappropriate for summary judgment.
The defendants have failed to show that they are not liable as a matter of law for negligent or innocent misrepresentation. The questions of duty of care, proximate cause, misrepresentations and reliance raise genuine issues of material fact which preclude summary judgment. Similarly, genuine issues of material fact exist which render summary judgment inappropriate with regard to the CUTPA claims. The defendants' motion for summary judgment on all counts is therefore denied.
Licari, J.