CurraN, Dennis J., J.

Introduction

This certiorari action under G.L.c. 249, section 4 was brought by the Oxford Chief of Police appealing a district court judge’s decision that required him to issue a license to possess a machine gun to Glen W. Bergman.

The Facts

Glen W. Bergman applied to renew his license to possess a machine gun with the Chief of Police in Oxford, Massachusetts. The Police Chief investigated Mr. Bergman and discovered that he had been arrested for a “road rage” incident in which he had brandished a handgun at another driver and his passenger, and threatened to shoot them after they complained about him cutting them off. In that altercation, Worcester police officer Ryan reported that:
*299 ... I responded . . . for hit & run and assault w/DW handgun. [ ] Victims state . . . that suspect [Bergman’s] vehicle . . . forced them to go on to Lincoln St. exit ramp eastbound. They stopped to see why the suspect had forced them off highway . . . [The victim] got out of [ ] his vehicle from front passenger seat and went up to passenger side of suspect mv. Suspect rolled down window and they had verbal conversation. [Victim] said ‘Excuse me.’ When he said that, suspect pulled handgun from passenger seat. Both victims described handgun as 9 mm black. Suspect said ‘You wanna go [.] I’ll shot [sic] you and you.’ He was talking to both victims and pointed handgun at both. Just before saying this, [the] suspect lock [sic] and loaded a round. At that [the] victim backed off. Suspect gunned engine. He rolled back into [another car] . . . Suspect fled when light turned green. (See Administrative Record, pp. 057-061, Worcester police offense report.)
This report was signed under the penalties of perjury by the two assault victims, Francis P. Caumina and Raymond D. Warner, and a third victim, Katherine A. Curtis, whose car Mr. Bergman struck.
The Chief of Police also ran a driving history on Mr. Bergman and discovered that he had two drunk driving charges, seventeen (17) speeding citations, and nine (9) license suspensions. (See Administrative Record, pp. 050-053.) Accordingly, he denied Mr. Bergman’s application:
[Y]ou are deemed to be an unsuitable person with regards to this application for the following reason:
After review of (your] extensive driver’s history, as well as an arrest report involving a handgun in the City of Worcester, Ma. Police Department, it is this licensing authority’s belief that (you] demonstrated poor judgment . .. (See Administrative Record, page 004, letter from Chief of Police dated June 24, 2008.)
Mr. Bergman fried an action in the district court, appealing the decision of the Chief of Police. On September 16, 2008, the district court held a hearing and reversed the decision of the Chief of Police, compelling him to give Mr. Bergman a license to possess a machine gun. The judge later issued Findings of Fact and Rulings of Law. (See Administrative Record, pp. 008-012.)
The Chief of Police filed this action for certiorari under G.L.c. 249, section 4.

DISCUSSION

Mr. Bergman did not deny the road incident involving the handgun. He admits that he pulled out the handgun and held it in his hand, but denies that he ever raised or pointed it at the victims, one of whom was reported to be a military police officer. (See Administrative Record, page 061, Worcester police offense report at page 3.)
The district court judge found Mr. Bergman’s driving histoiy not disturbing because, as he stated, “[t]here is no logical nexus between driving records for speeding and character traits of judgment,” and further, “approximately seventy percent of our nations [sic] drivers speed regularity [sic].” (See Administrative Record, page Oil, page 4 of the district court judge’s Findings.)
This observation is eminently reasonable: but this case does not involve one, two, or three speeding infractions; it involves seventeen (17) violations. Moreover, Mr. Bergman’s record also reveals two drunk driving charges and nine (9) license suspensions. This profile does not comport with that of the ordinary motoring public.
These speeding infractions trigger a suspicion of Mr. Bergman’s underlying impulsivity, which comes into bold relief with the road rage incident. In that altercation, two victims have alleged — under oath — that Mr. Bergman aimed a firearm at each of them and threatened to shoot them. This incident, too, does not comport with that of the ordinary driver.
As the district court judge pointed out, “[t]he goal of firearms control legislation in. Massachusetts is to limit access to deadly weapons by irresponsible persons.” Ruggiero v. Police Commissioner of Boston, 18 Mass.App.Ct. 256, 258 (1984). “Consistent with these aims, persons who [are] immature[e] [or of] antisocial behavior . . . are deemed improper persons to obtain licenses.” Id. The firearms licensing statute was enacted to give local chiefs of police the authority to prevent firearms from landing into the hands of improper persons. Such authorities are accorded “considerable latitude." Ruggiero at 259. Their decision ought not be disturbed unless “arbitrary, capricious, or an abuse of discretion.” Id. See also MacNutt v. Police Commissioner of Boston, 30 Mass.App.Ct. 632, 635 (1991).
As to the road rage incident, the district court judge ruled that the lack of a criminal conviction for the incident undercuts the probity of the charge. But it is reasonable to deny a gun license based on a criminal charge that was ultimately dismissed. Ford v. Gosselin, 2006 Mass.Super. LEXIS 123, Barnstable County Superior Court Docket No. 05-00010 (March 2, 2006). See also Roddy v. Leominster District Court, Worcester Country Superior Court Docket No. 01-0065-C (January 23, 2003) [15 Mass. L. Rptr. 658], and Roddy v. Leominster District Court, Superior Court Docket No.: 03457 (November 14, 2005) [20 Conn. L. Rptr. 81].
In short, Mr. Bergman is unable to produce evidence that the police chief abused his discretion.

ORDER

For the foregoing reasons, it is ORDERED that the judgment entered in Bergman v. Boss et al., Dudley District Court Docket No. 08-CV-0744 be vacated and that judgment shall enter for the Chief of Police for the Town of Oxford affirming his decision to deny Glen W. Bergman a license to possess a machine gun.