CATHERINE PATTENDEN *vs.* THE CONNECTICUT COM-
PANY.

First Judicial District, Hartford, January Term, 1923.
WHEELER, C. J., BEACH, CURTIS, BURPEE and KEELER, Js.

In crossing a street a pedestrian is bound to use his senses to avoid being
hit and injured by a passing vehicle; and if his failure so to do is a
proximate cause of his injury, he cannot recover damages therefor.

A conclusion of contributory negligence, drawn from many subordinate
facts stated in the finding, will not be disturbed unless it violates
some rule or principle of law, reason, or logic, or is contrary to or
inconsistent with the subordinate facts found.

The plaintiff sought aid from the "last clear chance" rule. *Held* that
the facts found did not permit the application of this doctrine.

Argued January 4th—decided January 10th, 1923.

ACTION to recover damages for personal injuries
alleged to have been caused by the negligence of the
defendant, brought to and tried by the Superior Court
in Hartford County, *Webb, J.;* facts found and judg-
ment rendered for the defendant, and appeal by the
plaintiff. *No error.*

*Jacob Schwolsky,* with whom was *Franz J. Carlson,*
for the appellant (plaintiff).

*Joseph F. Berry,* with whom, on the brief, was *Austin
D. Barney,* for the appellee (defendant).

PER CURIAM. The plaintiff waited to cross Farming-
ton Avenue at its intersection with Flower Street in
Hartford, until an east-bound trolley-car and several
automobiles following it had passed. She then looked
each way and saw no cars or vehicles proceeding in
either direction. In fact a wrecker car was proceeding
at this time westerly from a point east of this crossing

at twenty-five to thirty miles an hour, but the plaintiff's view, as well as that of the motorman of the wrecker, was somewhat obstructed by the east-bound trolley and the automobiles following it.

The motorman gave warning of the approach of the wrecker. Both the noise from the approaching wrecker and the warning given were sufficient to put the plaintiff on notice of the danger of crossing in front of the wrecker, had she been exercising due care. The plaintiff walked from the curb from five to eight feet, waited in the street for a boy on a bicycle to pass her, and then, without looking to the east, hurried on and stepped directly in front of this trolley-car when it was from ten to fifteen feet distant, and suffered the injuries for which she seeks to recover damages. The plaintiff could have seen the wrecker when it was seventy-five feet distant from the crossing and then have avoided being hit by it.

The court concluded that the plaintiff's contributory negligence was a proximate cause of the accident. This conclusion was drawn from many subordinate facts. It was not drawn in violation of any rule or principle of law, nor is it in conflict with the rules of logic and reason, nor is it contrary to, or inconsistent with, the subordinate facts; hence it cannot be held to be erroneous in law. *Hayward* v. *Plant, post,* 374, 119 Atl. 341. So long as these subordinate facts stand, no conclusion other than that of the trial court could reasonably have been reached.

The facts found do not permit the application of the "last clear chance" doctrine.

There is no error.