JACK TOROSIAN, INC. *v.* PETER GUASTAMACHIO ET AL.

BROWN, C. J., BALDWIN, INGLIS, O'SULLIVAN and CORNELL, Js.

Argued April 14—decided May 26, 1953

*John P. Hodgson,* for the appellant (plaintiff).

*Benjamin Rabinovitz,* for the appellees (defendants).

BROWN, C. J. The plaintiff corporation, which conducted a restaurant-grill in the defendants' premises at 609 Capitol Avenue in Hartford under a lease which expired December 31, 1951, brought this action to enjoin the defendants from prosecuting a summary process proceeding instituted January 3, 1952. The corporation's complaint alleges that the lease had been extended by mutual agreement for ten years from January 1, 1952. The denial of this allegation by the defendants' answer presented the decisive issue at the trial. The court concluded that the corpo-

ration failed to prove the contract as alleged and rendered judgment for the defendants, from which the corporation has appealed to this court.

Further relevant undisputed facts may be thus summarized: The corporation, as owner of 621 Capitol Avenue, acting by Jack Torosian, its president, duly authorized by a resolution recorded in its minutes, leased a store therein to the defendants' son Giacchino for a term expiring September 15, 1951. The lease expressly prohibited any assignment or subletting of the premises without the written consent of the lessor. Giacchino and his father, who had some capital invested, conducted the store. As a result of some disagreements which had arisen, in July, 1951, the defendant Peter agreed to purchase the business from his son and so advised his attorney, Parskey. By the spring of 1951 the corporation had become concerned over the approaching expiration date of its lease at 609 Capitol Avenue and desired either to renew it or to get a new lease from the defendants, so that it might continue its profitable business at that address. On July 16, 1951, Torosian, the defendant Peter, Parskey and Suisman, the corporation's attorney, met at Suisman's office to execute a consent to an assignment to Peter of the remaining two months of the term under Giacchino's lease. A consent, prepared by Parskey and examined by Suisman, was executed in their presence and that of Peter by Torosian on behalf of the corporation. On that day at Suisman's office, before Parskey arrived, Torosian and Peter were talking together. Suisman heard Torosian say to Peter, "My lease will be for $150. a month for 10 years, and your lease will be $125. a month for 10 years," and Peter reply, "Yes, that is correct." Subsequently, Peter received an offer from another to

take a lease of the premises at 609 Capitol Avenue for substantially more than $150 a month and advised the corporation that he would neither enter into a new lease with it for 609 Capitol Avenue nor take a new lease at 621 Capitol Avenue.

The corporation, relying primarily upon the foregoing facts, argues in its brief: "It is entirely logical, therefore, that the first order of business at the July 16th conference should have resulted in an agreement regarding the leases [and] it is totally illogical to assume, as the trial court did, that Torosian would have proceeded to execute the consent to assign without other consideration had he not felt entirely secure with respect to his own location." The corporation therefore contends that what it refers to as two of the court's "conclusions" cannot be sustained. One is to the effect that, though Torosian and Peter did have some conversations relating to a new lease at 609 Capitol Avenue, "no final agreement was entered into between them in this regard"; and the other is that "[a]t no time did the defendants agree to give the plaintiff a new lease of 609 Capitol Avenue." The defendants, in support of their claim to the contrary, direct attention to these further undisputed facts: Neither at the time of the meeting on July 16, 1951, nor subsequent thereto was Torosian authorized by a duly adopted resolution of the corporation to execute any lease with respect to 609 Capitol Avenue as he had been to execute the lease of the premises at 621 Capitol Avenue to Giacchino on March 12, 1948. At the July meeting, both parties were represented by experienced attorneys who were thoroughly familiar with the Statute of Frauds, yet neither of them made any note or memorandum of the terms of any alleged lease or agreement between the parties with respect to 609 Capitol Avenue.

Attorney Suisman was in the room and "heard por-
tions of a conversation" between Torosian and Peter
but he heard no further conversation beyond that
already quoted. "Jack Torosian's testimony is found
not to be credible on the essential issues in this case."

The court's ultimate conclusion, which is the basis
of its judgment, was that the existence of an agree-
ment between the parties to enter into a new lease
of the defendants' premises at 609 Capitol Avenue
had not been established. Whether this conclusion
was unwarranted, as is urged by the corporation, is
to be tested by the facts recited above. Since no
evidence is before us, the corporation has neces-
sarily abandoned its attack upon the finding. Two
factors are to be kept in mind in passing upon the
validity of the conclusion. First, the burden was
on the corporation to prove that the parties did
enter into the agreement to extend the lease as it
claimed. Second, the conclusion of the court was a
negative and not an affirmative one. The question
therefore is whether, on the facts found, it must be
held as a matter of law that the corporation sus-
tained its burden of proving the contract. It is
true, as is suggested by the words which we have
quoted from the corporation's brief, that the facts
recited in the second paragraph of this opinion, in-
cluding as they do statements which passed between
Torosian and Peter, taken by themselves, might
have supported a finding that the parties did arrive
at an agreement. When they are considered in con-
nection with the further facts narrated above, how-
ever, there can be no doubt that the conclusion of the
court, as the trier of the facts, that the corporation
failed to sustain its burden of establishing the con-
tract claimed was fully warranted. "It was not
drawn in violation of any rule or principle of law,

nor is it in conflict with the rules of logic and reason, nor is it contrary to, or inconsistent with, the subordinate facts; hence it cannot be held to be erroneous in law." *Pattenden* v. *Connecticut Co.,* 98 Conn. 370, 371, 119 A. 348; *Hayward* v. *Plant,* 98 Conn. 374, 381, 119 A. 341; *Davis* v. *Margolis,* 107 Conn. 417, 422, 140 A. 823; *Palumbo* v. *George A. Fuller Co.,* 99 Conn. 353, 357, 362, 122 A. 63; Maltbie, Conn. App. Proc., p. 129.

There is no error.

In this opinion the other judges concurred.