MARY MONICK *v.* TOWN OF GREENWICH

WYNNE, C. J., BALDWIN, DALY, KING and MURPHY, Js.

 

Argued October 4—decided November 19, 1957

*Halford W. Park, Jr.*, for the appellant (defendant).

*Thomas J. Lauricella*, with whom, on the brief, was *Anthony G. Lauricella*, for the appellee (plaintiff).

MURPHY, J. The plaintiff instituted suit against the defendant to recover for injuries sustained when she tripped over the roots of a tree located within the limits of a public highway. The first count of the complaint alleged a defective highway. The second count sounded in nuisance. The trial court found that the plaintiff had failed to establish a cause of action under the first count but was entitled to recover on the second count. From the judgment thereon, the defendant has appealed.

The defendant claims that, upon the basis of the facts found, the court erred in reaching the conclusions stated in the finding. It contends, also, that the court erred in overruling its claims of law.

The finding shows that Greenwich Avenue, in the town of Greenwich, is a heavily traveled public highway running north and south. It is lined with business establishments on both sides. There is considerable pedestrian traffic. In 1932, the defendant widened the street. To avoid destruction of a large and ancient elm tree on the west side of the street, the westerly curb was relocated in such a manner that the area in which the tree is standing projects five or six feet into the traveled portion of the highway. The trapezoid thus formed is twenty feet long on the sidewalk side and twelve feet long at the curb line. It is curbed on the three sides adjacent to the paved roadway with concrete six or seven inches high. It has an irregular dirt surface where it is not occupied by the tree and its roots. The roots slope in all directions from the tree. Near the trunk they are several inches higher than the ground. The tree is about three feet in diameter. It is in front of a drugstore. Diagonal motor vehicle parking spaces have been created within painted white lines to the north and south of the tree area. Pedestrians crossing Greenwich Avenue walk over this area though no crosswalk is located there. Many of them have fallen over the tree roots. The defendant had notice of these falls. It had done nothing to remedy the condition prior to 1952.

On July 5, 1952, the plaintiff crossed on foot from the east to the west side of Greenwich Avenue. She mounted the curb just south of the tree. As she took her next step, she pitched forward. She had tripped on the tree roots and was injured.

The first assignment of error attacks the court's conclusion that the area about the tree, with exposed roots, constituted an absolute nuisance and that the

plaintiff did not have to prove freedom from contributory negligence in order to recover. The claim on the latter point is not pursued in the brief and will be treated as abandoned. *Somers* v. *Hill*, 143 Conn. 476, 480, 123 A.2d 468.

The defendant has not assigned error as to the subordinate facts found. The court found that at the time of the plaintiff's fall the area occupied by the tree and roots was in the condition that the defendant intended it to be in when the street was widened. The court also found that this condition was a source of danger to persons crossing the area on foot and unreasonably exposed them to injury. The conclusion of the court that this condition constituted an intentional or absolute nuisance (citing *Beckwith* v. *Stratford*, 129 Conn. 506, 29 A.2d 775) is one that could reasonably and logically be drawn from the subordinate facts and cannot be disturbed. Conclusions must be tested by the facts as found and must stand unless they are legally or logically inconsistent with those facts or unless they involve the application of some erroneous rule of law material to the case. *Jack Torosian, Inc.* v. *Guastamachio,* 139 Conn. 754, 757, 97 A.2d 116; *Bridgeport Hydraulic Co.* v. *Sciortino,* 138 Conn. 690, 692, 88 A.2d 379.

The court did not find that the defendant intended to create a nuisance when it spared the elm tree and permitted it to remain in a curbed area within the highway, but rather that the defendant, in constructing the area about the tree with the curbs on the north and south sides of it, incidental to the widening of Greenwich Avenue, created a condition which the defendant intended and that, since this condition constituted a nuisance in fact, the defendant was liable for injuries proximately resulting from the

nuisance, under the rule of cases such as *Beckwith* v. *Stratford*, supra, 514, and *Karnasiewicz* v. *New Britain*, 131 Conn. 691, 694, 42 A.2d 32.

In the other assignment of error, the defendant claims that the complaint does not allege a cause of action based on absolute nuisance. It principally relies upon the failure of the plaintiff specifically to allege that the defendant "created" the condition which the court has found to be a nuisance. The complaint alleged that the tree area as kept and maintained by the defendant constituted a nuisance. It does not appear that the defendant moved for a more specific statement of the allegation of which it complains or made seasonable objection to the admission of evidence that the defendant created the condition which the court has found to be a nuisance. *Chapin* v. *Popilowski*, 139 Conn. 84, 86, 90 A.2d 167; *Reaney* v. *Wall*, 134 Conn. 663, 671, 60 A.2d 505. In this situation, the allegation is sufficient.

There is no error.

In this opinion the other judges concurred.