The plaintiff brought suit against the defendants on a book account to recover $512.32. The allegations of the complaint were denied. In its judgment, the court found that the plaintiff was entitled to receive the amount claimed less $200, which the court found was received by the plaintiff from one Steinman and was intended to apply as a credit on the bill. The sole question involved in the appeal is whether or not there was any evidence to support the finding as to this credit. The defendants had appealed from the judgment, but this appeal was withdrawn before hearing. In the meantime, the plaintiff had filed a cross appeal, and this is the only appeal to be considered.
After a trial without a jury, the court filed a memorandum of decision which was in the form of a finding. This was in conformity with the rules of this court. Cir. Ct. Rule 7.30.2. The plaintiff filed a motion to correct the finding which was denied. *Page 231 
The sole error assigned was the denial of this motion by failure to strike from the finding the subordinate fact that $200 had been paid toward the original bill, the amount of which was undisputed.
Neither the plaintiff nor the defendants supplied any transcript of evidence. It is the claim of the plaintiff, the appellant, that he was not required to file any evidence because of his assigned error that the fact in dispute was found without evidence, and that the duty rested on the defendants, the appellees, to file a transcript of such portion of the evidence as would show proof of that fact, to sustain the finding of the subordinate fact in question. The argument of the plaintiff is based on the provisions of §§ 447 and 448 of the Practice Book, which, he asserts, inferentially or by analogy govern the procedure in this court. It is true that, under the sections referred to, where an appellant claims that no evidence supports a subordinate fact found by the court, and thus a conclusion cannot be derived from such assumed subordinate fact, it may become the duty of the appellee to furnish such evidence as will sustain the finding. Cushing v. Salmon, 148 Conn. 631, 632;Senderoff v. Housatonic Public Service Co.,147 Conn. 18, 21; Maltbie, "The 1951 Practice Book," 26 Conn. B.J. 4, 19. We are not called upon to pass on the question whether the provisions in the Practice Book referred to are applicable to appeals in this court. They are not made so expressly under Circuit Court Rule 7.51.1; and it does not appear to us, from the extremely truncated record, that the plaintiff was relieved of the burden of presenting the factual situation simply because he claimed the absence of a fact. A syllable of negation does not cast upon the appellee the burden of controverting the negative and then of proving that the negative does not exist. It is obvious that there was evidence *Page 232 
concerning the nature of the entire transaction in issue, and a transcript of that evidence could have been supplied by the plaintiff. We rest our decision on a failure on the part of the plaintiff to follow our rules with respect to appeals. The motion to correct in this case was not accompanied by such portions of the evidence as the plaintiff deemed relevant and material. This is required by our appellate procedure. Cir. Ct. Rule 7.23.1. The plaintiff asks us to correct the finding by striking out the paragraph objected to. We cannot do so without first examining the evidence. Cir. Ct. Rule 7.26.1. Inasmuch as the plaintiff has filed no evidence, the finding must stand.
 There is no error.
In this opinion DEARINGTON and KINMONTH, JS., concurred.