UNITED BUILDERS, INC. *v.* EDWARD S. HALA ET AL.

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE NO. CV 5-675-7653

Argued February 19—decided June 28, 1968

*Roy H. Scharf,* of New Haven, for the appellants (defendants).

*Gerald F. Stevens,* of Milford, for the appellee (plaintiff).

Kosicki, J. The plaintiff sued the defendants for work and services performed and materials furnished in the remodeling of the defendants' house in North Haven. The first count alleges an oral contract and the second one is based on quantum meruit for the services, labor and materials furnished. Upon a trial to the court, judgment was rendered for the plaintiff to recover of the defendants $3010 on the complaint and for the defendants to recover of the plaintiff $650 on their counterclaim.

The defendants have not moved to correct the court's finding on appeal. Practice Book §§ 981, 985 & Form 819 (B). The conclusions of the trial court must be tested by the finding and not by the evidence. *Klahr* v. *Kostopoulos,* 138 Conn. 653, 655. The defendants cannot bypass the finding. The court's conclusions must prevail unless they are legally or logically inconsistent with the facts found or invoke the application of some erroneous rule of law material to the case. *Yale University* v. *Benneson,* 147 Conn. 254, 255; *Monick* v. *Greenwich,* 144 Conn. 608, 611; *Jack Torosian, Inc.* v. *Guastamachio,* 139 Conn. 754, 757; *Bridgeport Hydraulic Co.* v. *Sciortino,* 138 Conn. 690, 692. Therefore the finding must stand.

The finding discloses the following facts found and the conclusions reached by the court. The plaintiff is a Connecticut corporation organized in June, 1961, by Paul Collins and John Fazzone, who are the principal owners. From June, 1961, to June, 1966, the plaintiff performed about 600 jobs consisting of remodeling kitchens, building garages, basement playrooms, room additions and dormers, and applying house sidings. The plaintiff always entered into formal written contracts with its customers. Before May, 1966, Collins and the defendant Edward Hala had known each other for about three or four years. During that month Edward Hala consulted with Collins concerning the remodeling of a house at 1 Leona Street in North Haven which Edward Hala was contemplating buying.[1] He wanted from Collins an estimate of the cost of certain work which he in-

---

[1] No issue has been raised that the defendant Edward Hala was not duly authorized by his wife, the defendant Mary M. Hala, to act as her agent in all of the negotiations and acts of the parties, and that question is not before us on appeal. We assume, from the record, briefs and oral arguments that the judgment and the decision of this court will apply to both defendants.

tended to have performed on the premises. Collins was reluctant to furnish an estimate without going over the house thoroughly and checking labor and material costs with his subcontractors. It appears nowhere in the record that any plans, drawings or specifications of the proposed construction were at any time submitted to the plaintiff or that the plaintiff had full access to the premises for the purpose of structural inspection. At Hala's insistence, the plaintiff on June 15, 1966, gave the defendants an estimate (exhibit A) for certain work to be performed at an estimated cost of $5800. By oral stipulation, handwritten material is not included in the exhibit. About mid-July, Edward Hala authorized the plaintiff to proceed with the work. Collins asked that the matter be reduced to a formal written contract. This Hala refused to do, but he authorized the plaintiff to perform the work on the basis of cost of labor and materials furnished plus a 10 percent profit on them for the plaintiff. The plaintiff finally agreed to this arrangement and proceeded with the work on July 22, 1966. The work was completed about the middle of September, 1966.

The plaintiff provided the defendants with a progress report on August 5, 1966, which indicated that the cost of the work was exceeding the "estimate" given on June 15, 1966. The plaintiff's actual cost for materials and labor in performing the work required by the defendants was $9372.73. The agreed profit to the plaintiff of 10 percent amounted to $937.27. The plaintiff substantially performed the work required in a workmanlike manner. There were some imperfections or deficiencies which needed correction, such as repairing a bannister, amounting to $100; correcting sliding doors and tracks, which would cost $200; and rectification of molding and trim, at a cost of $250. There were also needed some sanding and taping of the walls built

by the plaintiff, which would entail a further expense of $100. The defendants had paid the plaintiff a total of $7300.

The trial court concluded that the parties entered into a contract for the performance of certain work in remodeling the defendants' house on a "cost-plus" basis, that is, the defendants were to pay the plaintiff a sum equal to the actual cost of labor and materials plus a profit of 10 percent based on that cost. The total cost of the work amounted to $10,310. Crediting the defendants with the payment of $7300 already made, the defendants owed the plaintiff a balance of $3010. On the counterclaim, the defendants were entitled to recover $650, leaving a net balance in favor of the plaintiff of $2360.

In their argument on appeal, the defendants expressly abandoned any attempt to correct the finding, as well they might, in view of the rules of law we have alluded to above. The assignment of errors presents only two claims for our review. The first claim, briefly stated, is that the finding and the plaintiff's exhibits fail to sustain the court's ultimate conclusion that the defendants owe the plaintiff $3010. Stated verbatim, the reasons given by the defendants for this assignment are: (1) "Plaintiff's Exhibit A is an estimate for certain work; (2) the plaintiff's subsequent exhibits indicate that a portion of the work specified in Exhibit A was never done; and (3) as a matter of law, plaintiff's gross claim must be limited to a sum reasonably approximating the estimate for the work actually done, less payments made by the defendants."

As to the first two reasons quoted above, the defendants cannot, in this oblique manner, seek to lay a foundation for disturbing the subordinate facts in order to import a point of law which does not appear in the conclusions of the court or in any document

before us on appeal. We cannot say that there was no evidence reasonably supporting the findings, and they must stand. *Zieky* v. *Beckerman,* 112 Conn. 688, 689. No correction in the facts found can be contemplated without the transcript, and that is not before us. *McCulley* v. *Marino,* 24 Conn. Sup. 229, 231, 1 Conn. Cir. Ct. 517, 518. The conclusions reached by the court must stand unless unsupported by the finding. *Bridgeport Hydraulic Co.* v. *Sciortino,* 138 Conn. 690, 692. The trier is the sole arbiter of the credibility of the witnesses. *Metz* v. *Hvass Construction Co.,* 144 Conn. 535, 537. "It is the privilege of the trier to adopt whatever testimony he reasonably believes to be credible." *Grote* v. *A. C. Hine Co.,* 148 Conn. 283, 287.

The cases cited by the defendants in support of their contention that exhibit A was a firm or contractual estimate for the work to be done are not in point. " 'The law does not make a contract when the parties intend none, nor does it regard an arrangement as completed which the parties thereto regard as incomplete.' " *New Haven Tile & Floor Covering Co.* v. *Roman,* 137 Conn. 462, 464. Much reliance is placed on the decision in *Miller Franklin & Co.* v. *Gentry,* 230 Mo. App. 892. In that case, suit was brought by the plaintiff for engineering services rendered a receiver appointed by a federal court to administer a firm then in receivership. Bracket estimates (low and high) were given the receiver by the plaintiff, dealing separately with cost of services and the living expenses of personnel. The maximum limit for expenses was substantially exceeded. The court held not only that the order limited the payment but also that the receiver, acting under order of court, was not personally responsible for the excess. The case of *Fort Myers* v. *State,* 95 Fla. 704, presented the propriety of the method used in estimating assessments for

street improvements under a city ordinance and has no bearing, even remotely, on the factual situation presented here.

The defendants' claim in the first assignment of error, namely, that the informal "estimate" given by the plaintiff, should "reasonably approximate" the final cost for the work actually done, is without merit. The court's finding was that despite the plaintiff's request for a written contract, the defendants insisted on a "cost-plus" arrangement. That was the contractual relationship created between the parties. The court concluded that the plaintiff was entitled to judgment on that basis and that the defendants were entitled to recover for certain deficiencies which were brought out in evidence by them. The ruling of the court was correct.

The second assignment of error seeks to have us review rulings of the trial court excluding evidence proffered by the defendants. To this assignment is annexed a stenographic transcript which set out the questions, answers, and rulings now brought under attack. It is obvious from the annexed transcript that the first line of inquiry under criticism is the overruling by the court of the defendants' offer of evidence of bills claimed to have been incurred and paid by the defendants in the improvement of the property. Upon objection that such evidence would constitute hearsay, it was excluded, since a foundation that it was connected with and relevant to the work sued on was lacking. No exception was taken, and the inquiry was not pursued further. We are, therefore, not required to give any consideration to this claim. Practice Book §§ 226, 800; *Guerrieri v. Merrick,* 145 Conn. 432, 434; *Spencer v. Board of Zoning Appeals,* 141 Conn. 155, 162; *LaVoie v. Marshall,* 141 Conn. 681, 688; *State v. Silver,* 139 Conn. 234, 245.

The final subdivision of this assignment, relating also to the annexed stenographic notes, seems directed to the court's ruling in failing to qualify the defendant Edward Hala as an expert on the appraisal of values of real property. What purpose this questioning was intended to serve was not made clear, except, perhaps, to show that the costs incurred by the plaintiff in remodeling the defendants' house were too high when compared to market values. It is a fair assumption, from the abbreviated stenographic excerpt, that the defendants had produced as witnesses two experts who testified as to the quality, cost and workmanship of the job performed as well as to the cost of certain items that needed redoing. The finding clearly shows that the figures of these witnesses were considered by the court in arriving at its conclusions and judgment.

It is true, as the defendants contend, that an owner of property is competent to testify as to its market value. *Misisco* v. *LaMaita,* 150 Conn. 680, 684; Holden & Daly, Conn. Evidence § 117d (8), p. 545. But the owner of real estate cannot introduce bills for improvements. *Misisco* v. *LaMaita,* supra, 685. These are not the best evidence, under the circumstances here disclosed. The issue here was not one of value but one of cost of improvements. The cost may have been greater or less than the value of the improved property. See *Lambert* v. *Sanford,* 55 Conn. 437. The admission or exclusion of expert testimony and the determination of the qualifications of an expert are largely a matter of judicial discretion. *Oborski* v. *New Haven Gas Co.,* 151 Conn. 274, 280.

There is no error.

In this opinion DEARINGTON and JACOBS, Js., concurred.