The first five assignments of error attack the court's refusal to correct the finding. Section 567G of the Practice Book requires that "[i]f the appellant desires to have the finding of *Page 753 
subordinate facts corrected, he must, within two weeks after receipt of the finding, file his motion for such correction, and with it such portions of the evidence as he deems relevant and material to the corrections asked for. . . ." Although the appellant moved to correct the finding, he failed to file with the motion a transcript of the evidence as required by 567G. "The effort to change the facts by correcting the finding is futile in the absence of a transcript of the evidence." Lomazzo v. King, 137 Conn. 434, 435. Where the appellant has filed no evidence or transcript, the finding must stand. McCulley v. Marino, 24 Conn. Sup. 229, 232, 1 Conn. Cir. Ct. 517, 520.
The uncorrected finding amply supports the court's conclusion that the defendant The Connecticut Light and Power Company had an easement to maintain electric wires on the plaintiff's premises located on Mountain Road in Ridgefield. The provisions of that easement granted the defendant a right to trim trees on the plaintiff's property if those trees reached a height where they were close to or actually touching the electric wires of the company. The right to trim trees was limited to an area within five feet of the wires. The utility company hired the named defendant to do the trimming. The trial court found that the trimming was done within the designated five-foot area and in no way affected the health or ability of the trees to survive and that it did not adversely affect the beauty and aesthetic quality of the plaintiff's property. Those findings lead logically to the court's conclusion that the plaintiff is not entitled to an award of damages.
 There is no error.