[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
PER CURIAM IN RE MOTION FOR SUMMARY JUDGMENT DATED JULY 23, 1990 BY DEFENDANT CITY OF WATERBURY
In Kronenfeld v. City of Norwalk, 1 CtLR 103 (April 30, 1990, Cioffi, J.), Judge Cioffi, based upon a reading of 52-557n(a)(1)(c), drew a significant distinction in the history of our jurisprudence between positive municipal acts which create a nuisance and a defective condition in a highway:
 The distinction between positive acts which create a nuisance and a defective condition in a highway not created by positive acts of the municipality is preserved in 52-557n. A plain reading of 52-557n reveals that the common law nuisance action remains: "[A] political subdivision of the state shall be liable CT Page 2883 for . . . acts of the political subdivision which constitute the creation or participation in the creation of a nuisance." Because of the close relationship between nuisance and defects, see Bacon, 126 Conn. at 406-07, the provision in 52-557n that no cause of action shall be maintained for a defective road except pursuant to 13a-149 is a clarification of the scope of the nuisance action. The nuisance cause of action does not intrude into the traditional scope of the defective highway statute, and 13a-149 remains the exclusive remedy for defects not caused by positive acts of the municipality.
Id. at 104.
Judge Koletsky in Stevens v. City of New Haven, 1 CtLR 483
(July 16, 1990, Koletsky, J.) echos the interpretation of 52-557n
found in Kronenfeld. Following the Stevens court's extensive examination of the legislative history of 52-557n, that court held that "the plaintiffs may bring a nuisance action contemporaneously with an action under the defective highway statute, so long as they allege positive acts by the municipality which created a nuisance." Id. 487.
Here, Gioviani Testa, in count two of his complaint, alleges that the city created and maintained the storm drain as a nuisance. A positive act in this law of nuisance is sufficiently characterized by claiming that a condition was created and maintained by the city creating a nuisance. Pfeifer v. Holman,1 CtLR 106, 107 (April 2, 1990, Hurley, J.) (citing Monick v. Greenwich, 144 Conn. 608 (1957).
Accordingly, we do not think that the city of Waterbury is here entitled to judgment as a matter of law on the second count and deny the motion for summary judgment.[1]
So ordered.
WILLIAM PATRICK MURRAY A JUDGE OF THE SUPERIOR COURT