[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiffs, Mary Dehnel and Thomas Dehnel, allege the following facts in their complaint. The Dehnels were tenants of the first floor apartment of a two-family house on Conlon Street, Bristol, Connecticut. The house was owned by the defendant, Jonathan Licki, who resided on the second floor and controlled and maintained the premises including the first floor hall, landing, stairs, passageway and the cellar. The Dehnels allege that, pursuant to General Statutes § 47a-7 (a)(1), Licki was obligated to comply with all applicable state and municipal building and housing codes materially affecting health and safety. They further allege that Licki was obligated to make all repairs and do what was necessary to maintain the premises in a fit and habitable condition, pursuant to General Statutes § 47a-7 (a)(2).
Count two of the complaint alleges that prior to February 15, 1998, Licki maintained the hall, landing, passageway, cellar stairs and cellar in a dangerous, hazardous and defective condition presenting an extreme hazard and constituting an absolute private nuisance to the Dehnels. Specifically, they allege that the landing, passageway and cellar stairs CT Page 6503 were not lit and the stairway had no handrails. They further allege that the stairs were dangerously steep and the stairway risers varied in height from 8 1/4 inches to 9 3/8 inches with the first step at the top of the landing being 9 inches below the doorway.
On or about February 15, 1998, Mary Dehnel fell down the cellar stairs. The Dehnels allege the fall was caused by this dangerous and hazardous condition. As a result, Mary Dehnel sustained severe and permanent injuries, and Thomas Dehnel incurred expenses for his wife's medical care.
On May 17, 1999, Licki filed this motion to strike count two of the complaint accompanied by a memorandum of law in support of the motion. In response, the Dehnels filed an objection and memorandum of law in opposition to the motion on February 14, 1999.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Faulkner v. United Technologies Corp.,240 Conn. 576, 580, 693 A.2d 293 (1997). "This includes the facts necessarily implied and fairly provable under the allegations." WestportBank Trust Co. v. Corcoran, Malin Aresco, 221 Conn. 490, 495,221 A.2d 490 (1992). "If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Internal quotation marks omitted.) Faulkner v. United Technologies Corp., supra, 580.
Licki moves to strike count two of the complaint on the grounds that the Dehnels fail to properly set forth a cause of action sounding in nuisance. Licki argues that, pursuant to Green v. Ensign-Bickford Co.,25 Conn. App. 479, 490, 595 A.2d 1383, cert. denied, 220 Conn. 919,597 A.2d 341 (1991), in order to proceed with an action in nuisance, the Dehnels must allege: "(1) the condition complained of had a natural tendency to create danger and inflict injury upon person or property; (2) the danger created was a continuing one; (3) the use of the defendant's land was unreasonable or unlawful; and (4) the existence of the nuisance was the proximate cause of the plaintiff's injuries and damages. Filiskov. Bridgeport Hydraulic Co., 176 Conn. 33, 35-36, 404 A.2d 889 (1978)." (See Licki Memorandum, p. 5.) Licki also argues that "absolute nuisance has an added requirement that the conduct be intentional." Monick v.Greenwich, 144 Conn. 608, 611-12, 136 A.2d 501 (1957). Licki argues that the Dehnels failed to argue these required elements, therefore the allegations merely sound in negligence. Finally, Licki argues that the CT Page 6504 Dehnels fail to allege that the injury occurred in relation to a right they enjoy by reason of an ownership interest in the land. See Webel v.Yale University, 125 Conn. 515, 525, 7 A.2d 215 (1939).
The Dehnels argue in their memorandum in opposition to the motion to strike, that as a matter of law, the motion should be denied because the complaint alleges facts sufficient to meet the first four elements required to allege a cause of action in nuisance when read in the light most favorable to sustaining its legal sufficiency. Additionally, they argue that here, the meaning of intent is "not that a wrong or the existence of a nuisance was intended, but that [Licki] intended to bring about the conditions which are alleged to be a nuisance." Beckwith v.Stratford, supra, 129 Conn. 511. The Dehnels argue that it is reasonable to infer that by knowing of and maintaining the condition, Licki intended to bring about said condition. Finally, they argue that their tenancy and use of common areas in the house creates "a property interest sufficient to form the basis for an action in nuisance." Jubb v. Maslanka,22 Conn. Sup. 373, 375-76, 173 A.2d 604 (1961).
Initially, the Dehnels must allege four elements to set forth an action in nuisance: "(1) the condition complained of had a natural tendency to create danger and inflict injury upon person or property; (2) the danger created was a continuing one; (3) the use of the land was unreasonable or unlawful; (4) the existence of the nuisance was the proximate cause of the plaintiffs' injuries and damages." State v.Tippetts-Abbett-McCarthy-Stratton, supra, 204 Conn. 177, 183,527 A.2d 688 (1987), quoting Filisko v. BridgeportHydraulic Co., supra, 176 Conn. 35-36.
Plaintiffs allege facts sufficient to meet the four threshold elements required to assert an action in nuisance. First, the Dehnels allege that the landing, passageway and cellar stairs were not lit, the stairway had no handrails, the stairway risers varied in height from 8 1/4 inches to 9 3/8 inches with the first step at the top of the landing being 9 inches below the doorway and the stairs were dangerously steep. (See Complaint, count two, ¶ 5.) The proposition that these conditions had the natural tendency to create danger and inflict injury can be necessarily implied and is fairly provable when the allegations are viewed in the light most favorable to the Dehnels. See Faulkner v. United TechnologiesCorp., supra, 240 Conn. 580; Westport Bank Trust Co. v. Corcoran. Malin Aresco, 221 Conn. 490, 495, 605 A.2d 862 (1992). The plaintiffs then allege that this dangerous, hazardous and defective condition existed when Licki rented them the apartment and continued through the time of Dehnel's fall on February 15, 1998. (See Complaint, count two, ¶ 5.) The Dehnels further allege that Licki maintained the first floor hall, landing, stairs, passageway and cellar in a dangerous, hazardous and CT Page 6505 defective condition in violation of General Statutes § 47a-7 (a)(1) requiring Licki to comply with all applicable state and/or municipality building and housing codes materially affecting health and safety and § 47a-7 (a)(2) requiring Licki to make all repairs and do what is necessary to put and keep the premises in a fit and habitable condition. (See Complaint, ¶¶ 3, 4.) Finally, the Dehnels allege that the nuisance was the proximate cause of the fall and resulting injuries. (See Complaint, count two, ¶ 6.)
Licki further argues that absolute nuisance has the added requirement that the conduct be intentional. See Monick v. Greenwich, supra,144 Conn. 611. In the absence of a specific allegation of intent, Licki argues that the complaint sounds merely in negligence. "Claims of nuisance fall into two discrete categories: (1) absolute nuisance and (2) negligent nuisance. The principal distinction between the two is that an absolute nuisance has the added requirement that the conduct be intentional." Green v. Ensign-Bickford Co., supra, 25 Conn. App. 490; seeMonick v. Greenwich, supra, 144 Conn. 611; Rosenbeck v. GW Management, Superior Court, judicial district of Waterbury, Docket No. 144417 (November 3, 1998, Pellegrino, J.). Regardless, the majority of Superior Court decisions dealing with motions to strike absolute nuisance claims have required only that the plaintiff allege the four essential elements. See Roache v. Rogers, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 354114 (July 26, 1999, Skolnick, J.) (motion to strike private nuisance claim denied based solely on the plaintiff adequately alleging the four essential elements); Rosenbeck v. GWManagement, supra, Superior Court, Docket No. 144417; Delgado v.Learmand, Superior Court, judicial district of Hartford/New Britain at New Britain, Docket No. 471591 (July 12, 1996, Arena, J.); Hall v.Rivera, Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 049449 (October 29, 1996, Skolnick, J.); Cruz v. Tosado, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 531845 (May 22, 1995, Hennessey, J.) (14 Conn.L.Rptr. 272);Marabella v. Kay, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 142737 (June 25, 1995, Lewis, J.). Therefore, "intent need not be specifically alleged." Rosenbeck v. GW Management, supra, Superior Court, Docket No. 144417. Accordingly, the absence of such an allegation is not sufficient to support the motion to strike.
Finally, Licki argues that the Dehnels fail to allege the injury occurred in relation to a right the plaintiffs enjoy by reason of their ownership interest in the land. While it is true that "[a] private nuisance exists only where one is injured in relation to a right [enjoyed] by reason of his ownership of an interest inland"; Webel v.Yale University, supra, 125 Conn. 525; "[i]n the modern authorities [private nuisance] includes all injuries to an owner or occupier in the CT Page 6506 enjoyment of the property of which he is in possession, without regard tothe quality of the tenure." Roache v. Rogers, supra, Superior Court, Docket No. 354114 (July 26, 1999, Skolnick, J.), citing Webel v. YaleUniversity, supra, 525.
The Dehnels allege that they are tenants of the first floor apartment of the two-family house owned, controlled and maintained by Licki. (See Complaint, ¶ 1.) They also allege that Licki controlled and maintained the area of the first floor where the injury occurred including the first floor hall, landing, stairs, the passageway leading to and from the cellar and the cellar. (See Complaint, ¶ 2, 6.) The Dehnels had a right to use the passageway, landing and stairway to the cellar as part of the leased premises even though it remained in the landlord's control. See Jubb v. Maslanka, supra, 375; Martel v. Malone,138 Conn. 385, 390-91, 85 A.2d 246 (1951). "Connecticut courts have held, in effect, that a tenant injured by a defective condition on that part of the premises retained in the control of the landlord may plead a proper cause of action in private nuisance." (Internal quotation marks omitted.)Roache v. Rogers, supra, Superior Court, Docket No. 354114; Hall v.Rivera, supra, Superior Court, Docket No. 49449 (tenant exposed to lead paint on interior and exterior walls in the control of the landlord);Ayala v. BB Realty Co., 32 Conn. Sup. 58, 63, 337 A.2d 330 (1974) (child fell from window in leased premises where landlord retained control over demised premised); see also Jubb v. Maslanka, supra, 22 Conn. Sup. 375 (court held tenant had sufficient property interest in common passageway of three-family home to set forth a nuisance action). Therefore, the Dehnels have alleged an interest in the land adequate to maintain a cause of action in private nuisance.[1]
Motion to strike is denied.
Hon. Andre Kocay, J.